<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KNIGHTS FRANCHISE SYSTEMS,** : | | |
| **INC., a Delaware corporation** : | Civil Action No. 06-1273 (HAA) | |
| : | | |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| **MADDOX HOTEL II, LLC, a Texas** : | | |
| **limited liability company; and** : | | |
| **DEAN H. MADDOX, an individual** : | | |
| : | | |
| Defendants. : | | |
| _____ : | | |

**OPINION AND ORDER**

**SALAS, United States Magistrate Judge**

**I.  INTRODUCTION**

This matter comes before the Court on plaintiff Knights Franchise Systems, Inc.'s ("KFS") motion to amend complaint to assert an alternative theory of liability against individual defendant Dean H. Maddox ("Maddox") arising out of Texas Tax Code Ann. § 171.255(a). Maddox and corporate defendant Maddox Hotel II, LLC ("Maddox Hotel") oppose the proposed amendment on futility grounds. After considering the parties written submissions and oral argument on January 17, 2007, plaintiff KFS's motion to amend is **DENIED**.

## II.  FACTUAL BACKGROUND

**A.    The Complaint**

Plaintiff alleges the following facts.  KFS and Maddox Hotel entered into a May 19, 2000 franchise agreement ("Agreement") whereby the latter agreed to operate a 177-room guest lodging facility located at 700 East Lamar Boulevard, Arlington, Texas (the "Facility") for a 15-year term.  (Compl. ¶ 9; Ex. A (copy of the Agreement)).  The Agreement compels Maddox Hotel to perform a litany of obligations, including: (1) periodic payment of certain fees denominated as "Recurring Fees" (i.e., royalties, and reservation system fees), (2) preparation and submission of monthly reports to KFS, and (3) maintenance of specific books and records at the Facility.  (Compl. ¶¶ 12-15).

Furthermore, the Agreement also includes provisions governing the parties rights and obligation in the event of termination.  (Compl., Ex. A § 11).  While section 11.1 delineates three specific events of default, section 11.2 includes a list of 14 grounds for termination of the Agreement.  (*Id.*).  In the event of KFS's election to terminate the Agreement for one or more of these 14 grounds, section 12.1 provides for Maddox Hotel's payment of liquidated damages.  (Compl., Ex. A § 12).

KFS further alleges that individual defendant Dean H. Maddox ("Maddox") executed a Guaranty whereby Maddox assumed responsibility for Maddox Hotel's obligations under the Agreement.  (Compl. ¶¶ 19–21; Ex. C (copy of the Guaranty)).  Thus, Maddox allegedly agreed to, amongst other things,  "immediately make each payment and perform or cause [Maddox Hotel] to perform, each unpaid or unperformed obligation of [Maddox Hotel] under the [Franchise] Agreement."  (Compl. ¶ 20).

Finally, KFS's complaint alleges damages arising out of Maddox Hotel's termination of the Agreement. (Compl. ¶¶ 22-23). Said termination occurred when Maddox Hotel relinquished possession of the Facility on March 2, 2004. (Compl. ¶ 22). Through a April 11, 2005 letter to Maddox Hotel, KFS both "acknowledged" Maddox Hotel's termination and demanded payment of liquidated damages along with certain outstanding recurring fees. (Compl. ¶ 23). Thereafter, KFS filed its six count complaint in this action seeking, amongst other things, liquidated damages of $177,000 and outstanding Recurring Fees of $33,706.64. (*See generally* Compl.). The predicate of KFS's claims against corporate defendant Maddox Hotel and individual defendant Maddox are the Agreement and the Guaranty, respectively. (*Id*.).

**B.     The Proposed Amendment**

KFS now moves to amend the complaint to assert an alternative theory of liability against individual defendant Maddox arising under Texas Tax Code Ann. § 171.255(a) (the "Texas Statute"). (Pl.'s Br. p. 3). According to KFS, the proposed amendment comes in response to Defendants' allegation that Maddox signed the Guaranty in his capacity as President of third party Maddox Financial Corporation II ("Maddox Financial"). (Pl.'s Br. p. 1). KFS goes on to assert that the Texas Statute still deems Maddox personally liable for the obligations of Maddox Hotel since Maddox Financial forfeited its corporate privileges on March 22, 2002. (Pl.'s Br. p. 1, 4).

Maddox opposes the proposed amendment on futility grounds. (Defs.' Opp'n. Br. pp. 6-7). According to Maddox, the Texas Statute does not impose personal liability upon him since the relevant debts were not incurred after the corporate forefeiture. (Defs.' Opp'n. Br. p. 6-7). Maddox's argument cites three Texas decisions interpreting the Texas Statute whereby

corporate officers were not held personally liable for debts that arose out of contracts that pre-date the corporate forefeiture.  (Defs.' Opp'n. Br. p.7).  In its reply, KFS cites a Court of Appeals of Texas decision citing the Texas Statute to hold a corporate officer personally liable for debts of a corporation. (Pl.'s Reply Br. p. 3 (citing  *Cain v. State*, 882 S.W.2d 515 (Tex. App. 1994)).

### III.  DISCUSSION

A.      **Standard for Leave to Amend**

>Rule 15(a) of the Federal Rules of Civil Procedure provides:
>
>[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

Notwithstanding this liberal amendment policy, courts do not grant leave to amend automatically.  Leave to amend may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted).  Stated differently, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations, quotations, and emphasis omitted).

Here, the defendants oppose the proposed amendment on futility grounds. In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). The question before the Court, therefore, is not whether the movant will ultimately prevail; rather, it is whether the movant **can** prove any set of facts in support of the asserted claims that would entitle the movant to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Indeed, a court may not grant a motion to dismiss under Rule 12(b)(6) "unless it appears beyond doubt that the [party asserting the claim] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In examining the sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and view the allegations set forth therein as true and in the light most favorable to the party asserting them. *See Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citations omitted). Courts also consider documents that are "integral to or explicitly relied upon in the [pleading]." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quotations omitted).

**B.     The Texas Statute**

Even if this Court accepts all facts alleged by KFS, the proposed amendment could not withstand the minimal Rule 12(b)(6) standard of review. The sole purpose of KFS's motion to amend is to assert an alternative theory of liability against individual defendant Maddox arising out of the Texas Statute, which provides:

> If the corporate privileges of a corporation are forefeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

Tex. Tax Code Ann. § 171.255(a).

Thus, this Court must consider KFS' allegations regarding the following in order to evaluate the viability of the proposed amendment: (1) the date of Maddox Financial's corporate forefeiture, and (2) the date the relevant debt(s) were created or incurred. KFS alleges that Maddox Financial forfeited its corporate privileges on March 22, 2002. (Pl.'s Reply Br. p. 2). KFS further alleges that the relevant "debts" arise out of the Agreement executed on May 19, 2000 and that said debts were incurred on March 2, 2004 – the date Maddox Hotel relinquished possession of the Facility. (Pl.'s Reply Br. p. 2). Thus, KFS contends that its proposed amendment is not futile since the debts were incurred after the Maddox Hotel's corporate forefeiture. (Pl.'s Reply Br. p. 2).

KFS's interpretation of the Texas Statute is not consistent with that of relevant Texas decisions. *See e.g., Curry Auto Leasing, Inc. v. Byrd*, 683 S.W.2d 109 (Tex. App. 1984); *McKinney v. Anderson*, 734 S.W.2d 173 (Tex. App. 1987); *River Oaks Shopping Ctr. v. Pagan*, 712 S.W.2d 190 (Tex. App. 1986); *Rogers v. Adler*, 696 S.W.2d 674 (Tex. App. 1985). As the Court of Appeals of Texas explained, said decisions apply both the relation-back doctrine and the rule of strict construction and hold that a debt is "created or incurred," for purposes of the Texas Statute, on the date the contract was executed. *Cain v. State*, 882 S.W.2d 515, 518-520 (Tex. App. 1994) (survey of relevant cases that includes a discussion of the doctrines and policies underlying the analysis).

In *Cain*, the Court of Appeals of Texas uses its prior decision in *Curry Auto Leasing, Inc. v. Byrd* to explain how the rule of strict construction and the relation-back doctrine operate in contract cases with:

> The corporation in *Curry* breached its lease contract before forefeiture. Under the terms of the contract, however, any resulting sums owing the non-breaching party were not calculable until after sale of the leased property and the sale did not occur until after forefeiture of corporate privileges. Citing the "strict construction" rule of *Schwab*, the *Curry* court conceded the word "create" meant "to bring into existence something which did not exist." Faced with the fact that no liquidated obligation had come into existence before forefeiture, *Curry* nevertheless held against personal liability on the following basis: "When parties enter into a contract the law presumes they intend the consequences of its performance. It follows that performance or implementation of the contractual provisions, relate back to and are authorized at the time of execution of the contract."

*Cain v. State*, 882 S.W.2d 515, 517 (Tex. App. 1994) (quoting *Curry Auto Leasing, Inc. v. Byrd*, 683 S.W.2d 109, 112 (Tex. App. 1984)).

The above-quoted reasoning compels a finding against holding individual defendant Maddox liable for the obligations of Maddox Finanical. The Agreement and the Guranty were executed on May 19, 2000. Thus, any debts arising out of it relate back to May 19, 2000 – regardless of the date when any obligation to KFS became liquidated. Consequently, this Court must deny KFS' motion to amend on futility grounds.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's Knights Franchise Systems, Inc.'s motion to amend complaint to assert an alternative theory of liability against individual defendant Dean H. Maddox is **DENIED**.

## ORDER

**THIS MATTER** having come before the Court on plaintiff Knights Franchise Systems, Inc.'s motion to amend complaint [Docket Entry # 9], after considering the parties' written submissions and oral argument on January 17, 2007, and for good cause shown,

**IT IS on this 21st day of February, 2007**,

**ORDERED** that plaintiff Knights Franchise Systems, Inc.'s motion to amend complaint is **DENIED**.

s/ Esther Salas
Esther Salas
United States Magistrate Judge